UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

LARRY SCHAEFER, et. al., )
)
        Plaintiffs, )   No. 14 cv 2077 EJM
vs. )
) ORDER
DALE L. PUTNAM, et. al., )
)
        Defendants. )
)
)

This matter is before the court on a resisted motion to dismiss brought by two of four defendants, filed February 19, 2015. Plaintiffs' time to respond was extended on March 10, 2015, and the time for briefing expired March 23, 2015. Granted.

Plaintiff is a former law client of defendants, suing for legal malpractice. Jurisdiction under 28 U.S.C. § 1332.

Defendants move to dismiss for res judicata and collateral estoppel from previous litigation between the parties, and the statute of limitations.

In this motion to dismiss under F.R.C.P. 12(b)(6), the court will "accept as true all of the factual allegations contained in the Complaint," and will draw "all reasonable inferences...in favor of the plaintiff." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2009). It will also accept the citable opinion of the Iowa Court of Appeals in the prior litigation between the parties, Schaefer v. Putnam, 2013 Iowa App. LEXIS 581; 834 N.W.2d 872; 2013 WL 2368819 (Iowa Ct. App. 2013), (Court of Appeals Ruling), as part of this motion to dismiss, see Concordia v. Bendekovic, 693 F.2d 1073 (11th Cir. 1982); Witmer v. Bryan Lincoln Gen. Hosp., 2003 U.S. Dist. LEXIS 2396 (D. Neb. 2003).

The jury verdict in the prior litigation addressed and disposed of all questions here but one. The jury denied plaintiffs' claims, and awarded all four defendant attorneys unpaid attorneys' fees, other damages and punitive damages. The Court of Appeals Ruling affirmed the jury's denial of all plaintiffs' claims. Plaintiffs do not deny that most of their claims here were in included in the prior litigation. They do argue that one claim, alleged failure to protect plaintiffs' interests when the bankruptcy was closed, had not arisen in time. Litigants are charged with knowledge of their cause of action when the facts that give rise to them occur, not just when a final appellate court rules against them. Harrison v. State Bank of Bussey, 440 N.W.2d 398, 399 (Iowa Ct. App. 1989.) Plaintiff had time to bring even this last claim in the prior litigation, but failed to timely do so. Claim preclusion and issue preclusion from the prior litigation eliminates all claims that were or could have been brought in the prior litigation, Harrison v. State Bank of Bussey, supra; St. Paul Fire & Marine Ins. Co. v. Compaq Computer Corp., 539 F.3d 809, 821 (8th Cir. 2008), which in this case includes all of plaintiffs' claims. The court need not reach the limitations question.

It is therefore

ORDERED

Granted.

May 20, 2015

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT